ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **ORIENTAL BANK**<br><br>Parte Demandante<br><br>**MMG INVESTMENTS VIII, LLC**<br><br>Peticionario<br><br>v.<br><br>**SULTANA SCREENS AND ALUMINUM SALES, INC., ALUWEST INDUSTRIES, INC., SAMUEL GARCÍA ADARME y OTROS**<br><br>Recurridos | TA2026CE00325 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Mayagüez**<br><br>Civil Núm.: **MZ2024CV01252**<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero – Ordinario, Ejecución de Hipoteca: Propiedad Residencial, Ejecución de Hipoteca: Propiedad Comercial |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece ante nos MMG Investments VIII, LLC (MMG o parte peticionaria) mediante un recurso de *certiorari* en el que solicita que revoquemos una *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 21 de enero de 2026.[1] Por medio de dicho dictamen, el TPI declaró ha lugar la *Moción informativa ejerciendo el derecho de retracto de crédito litigioso y solicitud de orden* presentada por Sultana Screens and Aluminum Sales, Inc.; Aluwest Industries, Inc.; Samuel García Adarme, Ivette Vázquez Delgado y la Sociedad Legal de Bienes

---

[1] Tomamos conocimiento judicial del expediente del caso MZ2024CV01252 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 42. Notificada y archivada en autos el 21 de enero de 2026.

Gananciales compuesta por ambos (parte recurrida).[2] En particular, el TPI ordenó a MMG proveer la documentación relacionada con la venta/cesión de los pagarés hipotecarios objeto de la presente acción, dentro de un término no mayor de diez (10) días.

Luego de concederle término para comparecer, la parte recurrida radicó un *Memorando en Oposición a expedición de auto de certiorari* el 26 de marzo de 2026.

Por los fundamentos que pormenorizamos a continuación, expedimos el auto de *certiorari* y revocamos la determinación recurrida.

## I.

El caso de marras tiene su génesis el 24 de julio de 2024 cuando Oriental Bank presentó *Demanda* por Incumplimiento de Contrato, Cobro de Dinero Ordinario, Ejecución de Hipoteca y Ejecución de Gravamen Mobiliario contra la parte recurrida, Sultana Screens and Aluminum Sales, Inc.; Aluwest Industries, Inc.; Samuel García Adarme, Ivette Vázquez Delgado y la Sociedad Legal de Bienes Gananciales compuesta por ambos.[3] En síntesis, alegó que la parte recurrida le adeuda solidariamente $2,263,208.46 por el préstamo número 8782227501-1; $417,980.89 por el préstamo número 8782227501-4; y $1,525,180.98 por el préstamo número 8782227501-5; más los intereses que continúan acumulándose diariamente hasta su total y completo pago. Adujo,

---

[2] Entrada Núm. 37 en SUMAC.

[3] Entrada Núm. 1 en SUMAC. [3] En la *Demanda* se presentaron como *Anejos* los siguientes documentos: Contrato de Préstamo; Primera Enmienda Contrato de Préstamo; Pagare 1,000,000; Contrato Gravamen Mobiliario; Contrato de Préstamo; Pagare; Contrato Gravamen Mobiliario; Contrato Gravamen Mobiliario; Contrato de Prenda; Pagare 207; Pagare 1,000,000 2006; Pagare 487500; Contrato de Prenda; Pagare 263; Pagare 217; Contrato de Prenda; Pagare 114000; Escritura 37 Hipoteca; Escritura 28 Ext Termino Prescriptivo; Escritura 49 Modificación Hipoteca; Escritura 337 Hipoteca; Escritura 38 Hipoteca; Escritura 48 Modificación Hipoteca; Escritura 30 Hipoteca; Escritura 18 Hipoteca; Escritura 5 Modificación; Escritura 25 Hipoteca; Escritura 6 Modificación; Primera Enmienda Contrato Préstamo 2021; Pagare 2MM; Contrato Préstamo 2018; Pagare 600M; Garantía Ilimitada; Primera Enmienda Contrato Préstamo 2019; Pagare 1626000; Contrato de Prenda 9176; Contrato de Prenda 9177; Contrato de Préstamo 2019; Pagare 1626M; Contrato de Prenda 9167; Contrato de Prenda 9168; Contrato de Prenda 9169; Cartas Deuda.

la parte recurrida incumplió con los múltiples contratos de préstamo antes mencionados, al dejar de pagar las cantidades adeudadas. Por lo cual, ante la falta de pago de las obligaciones, conforme a lo pactado entre las partes, Oriental Bank declaró la deuda vencida, líquida y exigible. Así, solicitó al TPI que declarase ha lugar la demanda y se emitieran múltiples pronunciamientos conforme a las causas de acción instadas.

El 30 de agosto de 2024 la parte recurrida presentó *Contestación a Demanda.*[4] En la misma, se planteó que no reconocen la cantidad de la deuda reclamada y tampoco que la misma sea una líquida, vencida y exigible. Además, se alegó afirmativamente que Oriental incumplió los contratos entre las partes al declarar a los demandados en incumplimiento ("*default*") prematuramente y acelerar la deuda prematuramente. Asimismo, adujeron que los pagarés, contratos de préstamos y demás documentos firmados constituyen contratos de adhesión redactados por el Banco. Se indicó que, su consentimiento estuvo viciado porque el Banco no les orientó adecuadamente, lo cual tiene el efecto de anular tales documentos, entre otros planteamientos.

Tras varias incidencias procesales, no pertinentes para adjudicar la presente causa, el 9 de enero de 2026, Oriental Bank presentó *Moción sobre renuncia representación legal.*[5] Allí, solicitó la renuncia de su representación legal dado que, en o alrededor del 24 de diciembre de 2025, la entidad MMG Investments VIII, LLC (MMG o parte peticionaria) adquirió los préstamos objeto de la presente acción que le pertenecían. Además, solicitó se le concediera a MMG un término para comparecer.

---

[4] Entrada Núm. 15 en SUMAC.
[5] Entrada Núm. 35 en SUMAC.

Así pues, en la misma fecha, el TPI emitió *Resolución y Orden* en la que concedió término para que MMG anunciara representación legal y ordenó a la Secretaría eliminar del registro a los representantes legales de Oriental Bank.[6]

En lo pertinente al recurso ante nos, el 14 de enero de 2026, la parte recurrida presentó *Moción informativa ejerciendo el derecho de retracto de crédito litigioso y solicitud de orden.*[7] Allí se informó que, MMG adquirió los préstamos núm. 56113006 y 562130005. Además, arguyeron que MMG no les proveyó la información necesaria para ejercer el derecho de retracto en virtud del Artículo 1220 del Código Civil de Puerto Rico, 31 LPRA sec. 9581. A tales efectos, se solicitó información relacionada con: a) el precio pagado por la cesión; b) las costas judiciales incurridas o los intereses devengados; y c) la fecha del pago o transferencia.

Por otro lado, se argumentó que la ausencia de tal información limita la posibilidad de ejercer el retracto dentro del término provisto por ley. Así pues, la parte recurrida suplicó al TPI que: reconociera su derecho de retracto del crédito litigioso; ordenase a MMG proveer la documentación relacionada con la venta/cesión, dentro de un término no mayor de diez (10) días; y que, una vez recibida la información, se conceda un término razonable para que, en efecto, puedan ejercer su derecho.

Por otro lado, luego de haber anunciado representación legal,[8] MMG presentó *Solicitud para sustituir parte demandante.*[9] Allí, afirmó que, adquirió el préstamo objeto del caso de autos, siendo tenedor por endoso y de buena fe de los pagarés que evidencian el mismo, convirtiéndose en la persona con derecho a exigir su cumplimiento.

---

[6] Entrada Núm. 36 en SUMAC.
[7] Entrada Núm. 37 en SUMAC.
[8] Entrada Núm. 38 en SUMAC.
[9] Entrada Núm. 39 en SUMAC. Como anejo, se acompañó copia de los pagarés debidamente endosados a favor de MMG.

Cabe señalar, el 21 de enero de 2026, el TPI emitió varias resoluciones. Por un lado, aceptó la representación legal de MMG y ordenó a la Secretaría la sustitución de la parte demandante.[10] Ahora bien, y en lo pertinente al recurso ante nuestra consideración, el TPI emitió *Resolución y Orden* en la que dispuso: "Se ordena a MMG a proveer la documentación relacionada con la venta/cesión a la parte demandada, dentro de un término no mayor de diez (10) días".[11]

Inconforme, el 30 de enero de 2026, MMG presentó *Moción de Reconsideración.*[12] En la misma se argumentó que, el TPI le ordenó proveer los datos relacionados a la venta/cesión sin darle la oportunidad de ser oídos, en violación a su derecho a un debido proceso de ley. Asimismo, razonó que como tenedora por endoso y de buena fe de los pagarés cedidos y/o transferidos por Oriental Bank, el retracto de crédito litigioso del Artículo 1220 del Código Civil, *supra*, es inaplicable al presente caso. Esto, en virtud de lo resuelto por el Tribunal Supremo en *DLJ Mortgage Capital, Inc. v. Santiago Martínez*, 202 DPR 950 (2019), en el cual se reiteró que la cesión de instrumentos negociables se encuentra excluida de la aplicación del retracto de crédito litigioso. Además, señaló que Artículo 1212 del Código Civil, *supra*, 31 LPRA sec. 9573, explícitamente dispone que la acción que surge de la cesión de un derecho litigioso no aplica a la cesión de los instrumentos negociables.

Posterior a ello, la parte recurrida presentó su oposición a la reconsideración el 18 de febrero de 2026.[13] En síntesis, alegaron que se trataba de una controversia sustantiva compleja relacionada con la aplicabilidad del retracto a instrumentos negociables, por lo que

---

[10] Entradas Núms. 40 y 41 en SUMAC.
[11] Entrada Núm. 42 en SUMAC.
[12] Entrada Núm. 43 en SUMAC.
[13] Entrada Núm. 44 en SUMAC.

no procedía adjudicar sin una vista. Además, que el asunto no fue adjudicado en la resolución recurrida ya que el Tribunal no determinó que el retracto procedía, sino que, únicamente se ordenó la divulgación de información necesaria para evaluar el planteamiento. Añadió, resolver dicha controversia en esa etapa sería prematuro.

Así las cosas, el 20 de febrero de 2026, el TPI emitió *Resolución*, notificada el día 23, en la que declaró *No Ha Lugar* la solicitud de reconsideración presentada por MMG y dispuso que "no está adjudicando la procedencia o improcedencia de la figura jurídica del retracto de crédito litigioso".[14]

Con este proceder, la parte recurrida instó moción para que el TPI ordenara a MMG a producir la información y documentación relacionada con la venta y/o cesión del crédito litigioso en un término no mayor de tres (3) días. Adujeron, la falta de producción de la información ordenada por el Tribunal les sitúa en una posición de perjuicio, pudiendo ocasionar la pérdida de oportunidades de venta y frustrando una posible terminación del litigio por la vía transaccional.[15]

Inconforme aun, el 16 de marzo de 2026, MMG presentó el recurso de *certiorari* ante nos y planteó los siguientes señalamientos de error:

> **PRIMER ERROR: ERRÓ EL TPI AL RESOLVER LA MOCIÓN INFORMATIVA EJERCIENDO EL DERECHO DE RETRACTO DE CRÉDITO LITIGIOSO Y SOLICITUD DE ORDEN PRESENTADA POR LOS RECURRIDOS Y ORDENAR A LA PARTE PETICIONARIA A PROVEER LA DOCUMENTACIÓN RELACIONADA CON LA VENTA/CESIÓN DE LOS INSTRUMENTOS NEGOCIABLES OBJETO DE LA PRESENTE ACCIÓN, SIN PERMITIR QUE NOS EXPRESÁRAMOS, PRIVÁNDONOS DE NUESTRO DERECHO FUNDAMENTAL A SER OÍDO, EN VIOLACIÓN A NUESTRO DERECHO CONSTITUCIONAL A UN DEBIDO PROCESO DE LEY, ASÍ COMO EN VIOLACIÓN A LAS REGLAS DE PROCEDIMIENTO CIVIL, EN CRASO ABUSO DE SU DISCRECIÓN.**

---

[14] Entrada Núm. 45 en SUMAC.
[15] Entrada Núm. 46 en SUMAC.

**SEGUNDO ERROR: ERRÓ EL TPI AL ORDENAR A LA PARTE PETICIONARIA A PROVEER A LOS RECURRIDOS LA DOCUMENTACIÓN RELACIONADA CON LA VENTA/CESIÓN DE LOS INSTRUMENTOS NEGOCIABLES OBJETO DE LA PRESENTE ACCIÓN ELLO EN CONTRA DE LA NORMATIVA ESTABLECIDA EN EL CASO EN *DLJ MORTGAGE V. SLG SANTIAGO-ORTIZ*, 202 DPR 950 (2019) Y ANTES DE DETERMINAR LA PROCEDENCIA O IMPROCEDENCIA DEL RETRACTO DE CRÉDITO LITIGIOSO.**

Por su parte, la parte recurrida radicó un *Memorando en Oposición a expedición de auto de Certiorari* en la que adujo que la determinación de la cual se recurre descansa dentro del ejercicio legítimo de la facultad discrecional del TPI. Añadió, el foro primario no adjudicó derechos sustantivos, ni causó un perjuicio irreparable a MMG, por lo que, no se satisfacen ninguno de los criterios establecidos en nuestro Reglamento para la expedición del recurso.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del Tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que el Tribunal de Apelaciones expida el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019). La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución interlocutoria bajo remedios provisionales de la Regla 56 de Procedimiento Civil, *supra*, R. 56; *injunctions* de la Regla 57 de Procedimiento Civil, *supra*, R. 57; o de la denegatoria de una moción de carácter dispositivo.

Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*; véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487. Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025), instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el

curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735-736 (2018). Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, *supra*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**B.**

Es norma reiterada, el foro primario tiene la facultad de actuar conforme a su discreción judicial. Esto es, "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, *supra*, pág. 735. En ese sentido, las determinaciones del tribunal deben estar sostenidas de un "juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *Íd.*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Dicho de otro modo, la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al.*, *supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, este concepto no significa poder actuar en una forma u

otra, haciendo abstracción del derecho. *Ramírez v. Policía de P.R.,* 158 DPR 320 (2002).

## C.

El Artículo II, Sección 7, de la Constitución del Estado Libre Asociado de Puerto Rico prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. Art. II, Sec.7, Const. PR, LPRA, Tomo I. Así reconocido, el concepto del debido proceso de ley se manifiesta en dos vertientes: la sustantiva y la procesal. En particular, por la vertiente procesal se garantiza un procedimiento justo y equitativo ante acciones estatales que interfieran con intereses privados. *Garriga Villanueva v. Mun. De San Juan,* 176 DPR 182 (2009).

En todo caso, el debido proceso de ley en el contexto adjudicativo exige como mínimo cumplir con los siguientes requisitos: (1) la notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) <u>oportunidad de ser oído y defenderse</u>; (4) derecho a contrainterrogar a los testigos y a examinar evidencia presentada en su contra; (5) tener asistencia de abogado; (6) que la decisión se base en el expediente. *PVH Motor. v. ASG,* 209 DPR 122 (2022); *Vázquez González v. Mun. De San Juan,* 178 DPR 636, 643 (2010). (Énfasis nuestro).

## D.

Con la cesión de créditos nos referimos al "negocio jurídico celebrado por el acreedor cedente con otra persona, cesionario, por virtud del cual aquél transmite a éste la titularidad del derecho de crédito cedido". *IBEC v. Banco Comercial,* 117 DPR 371, 376 (1986), citando a L. Díez-Picazo, Fundamentos del Derecho Civil Patrimonial Madrid, Ed. Tecnos, 1979, Vol. 1, pág. 789. En ese sentido, el cesionario pasa a ocupar la misma posición del cedente y la relación obligatoria con respecto al deudor desde el momento en que se transmite el crédito. *Ibec v. Banco Comercial, supra.* Esta figura

"viabiliza la circulación de los créditos en el comercio y es de particular utilidad en el sistema bancario moderno". *Íd.*; Díez-Picazo, *op. cit.*, pág. 789.

Con ello establecido, en nuestro ordenamiento también se reconoce la figura del crédito litigioso. El retracto de crédito litigioso es la figura jurídica que le permite a un deudor extinguir una obligación pagando el precio que el cesionario de su crédito pagó por este. El Artículo 1220 del Código Civil, 31 LPRA sec. 9581, dispone que, si se cede un crédito litigioso, el deudor tiene derecho a extinguirlo mediante el reembolso al cesionario de lo que este haya pagado, de las costas ocasionadas y de los intereses del pago desde el día cuando se hizo. Se tiene por litigioso un crédito desde el momento cuando se contesta la demanda. El deudor puede invocar su derecho dentro del término de caducidad de treinta (30) días, contados desde que el cesionario le reclama el pago. 31 LPRA sec. 9581.

Por otro lado, respecto a la cesión de un derecho litigioso, el Artículo 1212 del Código Civil, 31 LPRA sec. 9573, dispone que "la acción que ejercita el cesionario es sin perjuicio de cualquier reclamación en contrario o de otro derecho existente al tiempo de notificarse la cesión, o antes; <u>pero esto no es aplicable a la cesión de un instrumento negociable, traspasado de buena fe y por valor, antes de su vencimiento</u>". (Énfasis nuestro). Cónsono con lo anterior, en *DLJ Mortgage Capital, Inc. v. Santiago Martínez*, 202 DPR 950 (2019), nuestro máximo foro debía resolver si procedía el ejercicio de la figura de retracto de crédito litigioso sobre la cesión de cierto instrumento negociable que disponía el Artículo 1425 del *"Código Civil de Puerto Rico" Edición de 1930*, 31 LPRA ant. sec. 3950, otorgado conforme a lo dispuesto en la *"Ley de Transacciones Comerciales"*, Ley Núm. 208 del 17 de agosto de 1995, según enmendada, 19 LPRA secs. 401 *et seq.* Luego de evaluar los hechos

de aquel pleito junto a la normativa aplicable, dicho foro resolvió que, de una lectura armoniosa de las disposiciones del derogado Código Civil de 1930, *supra*, la *"Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico"*, Ley Núm. 210 del 8 de diciembre de 2015, según enmendada, 30 LPRA secs. 6001 *et seq.*, y la Ley de Transacciones Comerciales, *supra*, se excluía la aplicación de la figura de retracto de crédito litigiosos sobre cesiones de instrumentos negociales-incluyendo el pagaré hipotecario- al amparo de esta.

**E.**

Cabe señalar, el Código Civil respeta la legislación registral inmobiliaria. En ese sentido, el Artículo 1016 del Código Civil, 31 LPRA sec. 8736, dispone que "[l]a forma, la extensión y los efectos de la hipoteca, así como lo relativo a su constitución, modificación y extinción, y a lo demás que no está regulado en este capítulo, se rige por la legislación registral inmobiliaria.

Al referirnos al ordenamiento registral inmobiliario nos encontramos con el Art. 91 de la Ley del Registro de la Propiedad Inmobiliaria, 30 LPRA sec. 6118*, en el cual se consagra que* cuando una hipoteca se constituya para garantizar instrumentos negociables o títulos transferibles por endoso o al portador, el derecho hipotecario se entenderá transferido con el instrumento. Por otra parte, el Art. 96 de la misma ley, a su vez, nos informa que, en los casos de ejecución de hipotecas que garantizan instrumentos negociables, *deberá darse cumplimiento a las disposiciones de la legislación mercantil vigente relativas al cobro de tales instrumentos.* 30 LPRA sec. 6133. Esto es, deberá darse

cumplimiento a las disposiciones de la Ley de Transacciones Comerciales, *supra.*[16]

Analizada la controversia bajo el marco doctrinal previamente esbozado, nos hallamos en posición de resolver.

**III.**

En el caso de marras nos corresponde determinar si erró el foro primario al ordenar a la parte peticionaria, MMG, descubrir una información sobre la cesión/venta de los pagarés hipotecarios objeto de la presente acción, información necesaria para que la parte recurrida pudiera ejercer el derecho de retracto en virtud del Artículo 1220 del Código Civil, *supra.* Por estar íntimamente relacionados, atenderemos los dos señalamientos de error en conjunto. Veamos.

Por su parte, la parte peticionaria arguye que erró el TPI al resolver la moción presentada por la parte recurrida, *Moción informativa ejerciendo el derecho de retracto de crédito litigioso y solicitud de orden*, y ordenar la entrega de los datos de venta/cesión relacionados a los instrumentos negociables objeto de la presente acción, sin darle la oportunidad de ser oídos, en violación a su derecho a un debido proceso de ley. Asimismo, nos plantea que erró el foro primario al disponer sobre la entrega de tal información, antes de determinar la procedencia o improcedencia del retracto, cuando la acción que surge de la cesión de un derecho litigioso, no aplica a la cesión de los instrumentos negociables, según la normativa establecida en *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra.*

---

[16] Un instrumento negociable es "una promesa o una orden incondicional de pago de una cantidad específica de dinero, con o sin intereses u otros cargos descritos en la promesa u orden [...]". Sec. 2-104 de la LTC, 19 LPRA sec. 504(a).
Un pagaré hipotecario es una "promesa", es decir, "un compromiso escrito de pagar dinero suscrito por la persona que se obliga a pagar". Sec. 2-103 de la LTC, 19 LPRA sec. 503(a)(9). Ahora bien, el simple reconocimiento de la obligación no constituye un pagaré a menos que el deudor se comprometa a pagarla. *Íd.*

En cambio, la parte recurrida sostiene que, en su proceder, el foro primario no adjudicó derechos sustantivos ni causó un perjuicio irreparable a MMG, por lo cual, no se satisfacen ninguno de los criterios para la expedición del auto de *certiorari* ante nuestra consideración.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario incurrió en los señalamientos de error.

En el caso de autos, la demanda presentada por Oriental Bank en ejecución de hipoteca, garantizada por los pagarés hipotecarios, se presentó el 24 de julio de 2024. La parte recurrida presentó su contestación a la demanda el 30 de agosto de 2024. Por otro lado, la cesión de crédito otorgada por Oriental Bank a favor de MMG se llevó a cabo el 24 de diciembre de 2025. Establecido lo anterior, los pagarés hipotecarios se tienen por crédito litigioso.

Del expediente del caso se desprende, a razón de la cesión de crédito otorgada por Oriental Bank, la parte peticionaria es la tenedora legítima de los pagarés hipotecarios objeto de la presente acción. Por lo cual, MMG no puede ser privada de su derecho propietario, es decir, su interés al cobro de estos, sin que se proteja su derecho a ser oído. Ciertamente, el TPI emitió la *Resolución* recurrida y ordenó a la parte peticionaria a proveer la información relacionada con la venta/cesión, sin considerar sus argumentos. Conforme surge, tal proceder significó declarar Ha Lugar la solicitud de la parte recurrida, *Moción informativa ejerciendo el derecho de retracto de crédito litigioso y solicitud de orden*, sin darle oportunidad a los peticionarios a oponerse.

Valga aclarar, aunque en el contexto de solicitar la Reconsideración, MMG se opuso en los méritos a la orden del tribunal, no tenemos forma de constatar que esto haya sido realmente considerado por el TPI. Nótese, al denegarse la reconsideración, el foro primario se limitó a consignar un escueto

"No Ha Lugar a la solicitud de Reconsideración de MMG. El Tribunal no está adjudicando la procedencia o improcedencia de la figura jurídica del retracto de crédito litigioso". Ante ese cuadro, nos resulta forzoso concluir que la disposición del Tribunal sí tuvo el efecto de dar por sometida la solicitud de la parte recurrida y, contrario a lo dispuesto por el tribunal, sí tuvo el efecto de autorizar y así considerar la posible procedencia del retracto de crédito litigioso. Veamos.

Respecto a la cesión de un derecho litigioso, el Artículo 1212 del Código Civil, *supra*, dispone que "la acción que ejercita el cesionario es sin perjuicio de cualquier reclamación en contrario o de otro derecho existente al tiempo de notificarse la cesión, o antes; pero esto no es aplicable a la cesión de un instrumento negociable, traspasado de buena fe y por valor, antes de su vencimiento". En consideración a las disposiciones antes citadas, en *DLJ Mortgage Capital, Inc. v. Santiago Martínez, supra*, nuestro Tribunal Supremo expresó que el propio Código Civil limita la aplicabilidad del retracto de crédito litigioso al disponer que, ""*no es aplicable a la cesión de un documento negociable, traspasado de buena fe, y por valor recibido, antes de su vencimiento".*" (Énfasis en el original). Es decir, "cuando la cesión de una cosa litigiosa trate de un instrumento negociable, no aplicarán las disposiciones sobre la figura del retracto de crédito litigioso". *Íd.*

Debemos señalar, es evidente, en la *Moción Informativa Ejerciendo el Derecho de Retracto de Crédito Litigioso y Solicitud de Orden,* la parte recurrida expresamente afirmó que tienen derecho al retracto de crédito litigioso y, con dicha moción lo están ejerciendo.

De hecho, para que el Tribunal ordenase proveer la documentación relacionada a la venta/cesión, tuvo que, en primera instancia, determinar que procedía el derecho de retracto del crédito

litigioso. Es forzoso llegar a esa conclusión, cuando la solicitud de la parte recurrida fue: (1) que se reconociera su derecho de retracto del crédito litigioso; y (2) ordenase a MMG proveer la documentación relacionada con la venta/cesión, dentro de un término no mayor de diez (10) días.

Expuesto lo anterior, no estamos de acuerdo con la determinación del Tribunal en cuanto a que, ordenar la producción de la referida documentación no tiene el efecto de autorizar dirimir los méritos sobre la procedencia o improcedencia de la figura del retracto de crédito litigioso. Por un lado, el Código Civil dispone que "el deudor tiene derecho a extinguirlo mediante el reembolso al cesionario de lo que este haya pagado, de las costas ocasionadas y de los intereses del pago desde el día cuando se hizo". 31 LPRA sec. 9581. Con la solicitud de la parte recurrida se consignó la intención de ejercer el derecho de retracto de crédito litigioso y se solicitó información necesaria para ello. Obsérvese, la información que el Tribunal ordenó que MMG proveyera a la parte recurrida fue:  a) el precio pagado por la cesión; b) las costas judiciales incurridas o los intereses devengados; y c) la fecha del pago o transferencia. Como se percibe, al Tribunal ordenar a MMG proveer tal documentación, necesariamente autorizó evaluar la procedencia del retracto. De otra forma, no hay razón, tampoco fundamento en derecho, por la que los peticionarios tuvieran que proveer la información.

Así pues, conforme a la jurisprudencia interpretativa, cuando se trata de una cesión de pagaré hipotecario, el cual es un instrumento negociable,[17] no aplica el derecho consagrado en el Artículo 1220 del Código Civil, *supra*, disposición en la que se fundamentó la solicitud de la parte recurrida.

---

[17] Véase, *Anejo Pagares* de la Entrada Núm. 39 SUMAC.

Por tanto, el TPI erró al ordenar a MMG la producción de una información que, únicamente, procede en el caso en que corresponda ejercer el derecho de retracto de un bien litigioso, que no sea un instrumento negociable.

Según establecido por nuestro Máximo Foro en *DLJ Mortgage Capital, Inc. v. Santiago Martínez*, *supra*, la Ley de Transacciones Comerciales, *supra*, hace que las disposiciones del Código Civil no apliquen sobre las cesiones de instrumentos negociables otorgados a su amparo.

Toda vez que el caso ante nuestra consideración trata sobre la cesión o venta de un instrumento negociable —entiéndase, un pagaré hipotecario— aplica la Ley de Transacciones Comerciales, *supra*, y no la figura del retracto de crédito litigioso.

Por todo lo anterior, se revoca la *Resolución y Orden* emitida el 21 de enero de 2026 por el Tribunal de Primera Instancia en la que se ordenó a MMG proveer la información necesaria para que la parte recurrida ejerciera el derecho de retracto de crédito litigioso.

**IV.**

Por las razones discutidas anteriormente, expedimos el auto de *certiorari* y revocamos la *Resolución y Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones